IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

MADELINE CAMACHO,

    Plaintiff,

vs.

Case No:
Division:

DOLLAR TREE STORES, INC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, MADELINE CAMACHO, by and through the undersigned attorneys, sues Defendant, DOLLAR TREE STORES, INC, and alleges the following:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs.

2. At all times material hereto, Plaintiff, MADELINE CAMACHO, was and is a natural person residing in Hillsborough County, Florida.

3. At all times material hereto, Defendant, DOLLAR TREE STORES, INC, was and is a Florida Foreign Profit Corporation doing business in Hillsborough County, Florida.

## COUNT I
## NEGLIGENCE OF DEFENDANT, DOLLAR TREE STORES, INC

4. Plaintiff, MADELINE CAMACHO, realleges and incorporates herein the allegations contained in Paragraphs 1 through 3 as if fully set forth herein.

5. On or about February 7, 2021, Plaintiff, MADELINE CAMACHO, was a business invitee of the Defendant, DOLLAR TREE STORES, INC, at the premises located at 7089 West Waters Avenue, Tampa, FL 33634 in Hillsborough County.

6. At all times material hereto and specifically on February 7, 2021, Defendant, DOLLAR TREE STORES, INC, owned, managed, controlled, operated, and/or maintained the premises located at 7089 West Waters Avenue, Tampa, FL 33634 in Hillsborough County.

7. On or about February 7, 2021, the Plaintiff, MADELINE CAMACHO, was at DOLLAR TREE STORES, INC, located at 7089 West Waters Avenue, Tampa, FL 33634 in Hillsborough County, when she slipped and fell on water and/or an unidentified transitory foreign substance that was on the floor of the interior of the premises.

8. The Defendant, DOLLAR TREE STORES, INC, owed to its business invitees, including Plaintiff, MADELINE CAMACHO, duties to include the following:

    a. to maintain the subject premises in a reasonably safe condition; and

    b. to correct or warn of dangers that it knew or should have known of by the use or reasonable care and to which invitees cannot or should not know by the use of reasonable care.

9. The Defendant, DOLLAR TREE STORES, INC, by and through its agents, servants or employees, breached its duty owed to the Plaintiff, MADELINE CAMACHO, in the following way(s):

    a. By failing to maintain the floors of the premises in a reasonably safe condition, allowing water and/or an unknown, transitory foreign substance to accumulate on the floor and thus constitute a hazardous condition; and/or

    b. By failing to warn invitees, including Plaintiff, of the hazardous condition of water and/or an unknown, transitory foreign substance on the floor that existed at the time of the Plaintiff's incident; and/or

    c. By failing to correct the hazardous condition on the premises when the Defendant, DOLLAR TREE STORES, INC, knew or should have known, had it been exercising reasonable care, that water and/or an unidentified transient foreign substance was on the floor; and/or

    d. By failing to adequately inspect the subject premises to ascertain or identify whether

there was a hazardous condition on the floor of the premises, such condition being water and/or an unidentified transitory foreign substance on the floor; and/or

   e. By failing to remedy or correct the hazardous condition of water and/or an unknown, transitory foreign substance being on the floor when such hazardous condition had existed for a sufficient length of time so that Defendant, DOLLAR TREE STORES, INC, knew or should have known of the hazardous condition had it been exercising reasonable care; and/or

   f. By failing to remedy or correct the hazardous condition which constituted a danger to the Plaintiff, MADELINE CAMACHO, as the hazardous condition occurred with such frequency that Defendant, DOLLAR TREE STORES, INC, should have known of its existence; and/or

   g. By failing to comply with its non-delegable duty, as a landowner, to maintain the property in a reasonably safe condition.

 10. As a direct and proximate result of Defendant, DOLLAR TREE STORES, INC's, negligence described herein, Plaintiff, MADELINE CAMACHO, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and the ability to earn money, and possibly an aggravation of a previously existing condition.  Some or all of the injuries sustained are either permanent or continuing in nature within a reasonable degree of medical probability and Plaintiff will continue to suffer impairment in the future.  Alternatively, and/or in addition, Plaintiff has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement.

 WHEREFORE the Plaintiff, MADELINE CAMACHO, demands judgment against Defendant, DOLLAR TREE STORES, INC, for damages, costs, interest and such other relief as this Court deems just and proper.  Further, Plaintiff demands trial by jury on all issues.

## **DEMAND FOR JURY TRIAL**

 Plaintiffs hereby demand a jury trial on all issues triable before a jury.

Dated July 14, 2021.

                                             *s/ Alan Bulnes*
                                         **ALAN BULNES, ESQUIRE**
                                         Florida Bar No. 0036853
                                         ab@mickeykeenan.com
                                         **MICHAEL KEENAN, ESQUIRE**
                                         Florida Bar No. 0848581
                                         mk@mickeykeenan.com
                                         **MICKEY KEENAN, P.A.**
                                         324 N. Dale Mabry Hwy., Ste. 101
                                         Tampa, FL 33609
                                         Attorneys for Plaintiff
Service email:   service@mickeykeenan.com